THOMAS R. RUTHERFORD, as Assignee, etc., Appellant and Respondent, *v.* JULIUS SCHATTMAN, Impleaded, etc., Appellant and Respondent.

*Court of Appeals, January* 14, 1890.

Affirming 17 N. Y. St. Rep. 1015; 49 Hun, 606, Mem.

1. *Witnesse's. Credibility.*—A party, by placing a witness on the stand and examining him as to material matters, vouches that he is a man of good character, a credible witness and worthy of belief.

2. *Appeal.*—When the general term has affirmed the finding of the trial court, and there is, in any view, evidence to sustain it, the court of appeals is bound by it.

3. *Same. Exception.*—An exception to a finding of fact does not reach an erroneous reason for it given in an opinion of the court accompanying its final decision.

4. *Evidence. Res inter alios acta.*—In an action by a general assignee to set aside a confessed judgment, reports made by third persons showing the indebtedness of the judgment debtor to them, are inadmissible in evidence in favor of the assignee against the judgment creditor.

5. *Same. Conspiracy.*—In the absence of any proof connecting a person, not a party to the action, with an alleged conspiracy, his acts or declarations are inadmissible; to make them competent, *prima facie* evidence ought first to be given of the existence of a conspiracy.

6. *Payment. What constitutes.*—An assumption of the creditor's debt at his request by the debtor, is the payment of so much of his indebtedness to such creditors.

Cross-appeals from a judgment of the general term of the

supreme court, modifying and affirming, as modified, a judgment entered upon the decision of the Court.

*J. F. Parkhurst*, for appellant.

*Rudolph Sampter*, for respondent.

PECKHAM, J.—This action was brought by the plaintiff as assignee of one Morris Schattman, of Bath, in this state, to set aside a confession of judgment made by Schattman in favor of the defendant, Auguste Schattman, on the ground that the same was fraudulent. An examination of the evidence shows that the ground of the alleged fraud was the claim that there was no such indebtedness existing from Morris to Auguste Schattman as was stated in the confession of judgment, and also that the judgment was the result of a general conspiracy to defraud the creditors of Morris Schattman.

The question of fact was submitted to the trial court. The decision was in favor of the defendant, thus negativing any fraud in the judgment of confession, or any conspiracy as alleged in the complaint. The trial court thought the plaintiff's action was so manifestly without any reasonable basis for its support that the plaintiff was guilty of mismanagement and bad faith in bringing it, and the complaint was, therefore, dismissed, with costs to be paid by the plaintiff personally. From the judgment entered upon this decision the plaintiff appealed, and the general term, after a hearing, modified the judgment by directing the costs to be paid out of the assigned estate, and, as so modified, it affirmed the judgment without costs of appeal to either party.

The plaintiff has appealed to this court from the judgment affirming the dismissal of the complaint, while the defendant, Auguste Schattman, has appealed from the modification of the judgment as to costs made by the general term.

The case shows there was an abundance of evidence given on the part of the defendant, Auguste Schattman, to sustain

her contention that the judgment by confession was entered to secure a *bona fide* debt owing from Morris to her for the full amount of such judgment. The finding of the trial court is binding upon us, as it has been affirmed by the general term. The counsel for the plaintiff insists upon this appeal that the trial court erred in its finding of fact that the fraudulent conspiracy was not proven, and he says that the reason of such error was that the court misunderstood the effect to be given to the evidence of Morris Schattman, of Bath, a witness called by the plaintiff, and who was alleged to be a party to the alleged fraud, and one of the alleged conspirators.

In regard to this witness the court said, in an opinion which accompanied its final decision, that a party placing a witness on the stand and examining him as to material matters, by doing so vouches for his witness that he is a man of good character and a credible witness and worthy of belief. If it be assumed that the rule as laid down by the trial court in the opinion was too broad and general (as to which see Becker *v.* Koch, 104 N. Y. 394 ; 5 N. Y. State Rep. 688), we do not see how this court can interfere. The trial court has found that there was no fraud or conspiracy by finding that the judgment was confessed to secure the payment of an honest debt, and there is abundant evidence to support such finding. If, in reaching such conclusion, the court gave undue weight to testimony denying the fraud and not sufficient to that which tended to prove it (if there were any), the general term could have remedied that error if it thought that it appeared ; but when that court has affirmed the finding and there is in any view evidence to sustain it, this court is bound by it. An exception to a finding of fact does not reach an erroneous reason for it given in an opinion of the court accompanying its final decision. Some questions upon the rejection of evidence have been argued in appellant's brief, and will be noticed. Certain reports signed by a clerk or bookkeeper in the office of Schattman

Brothers of New York, relative to the indebtedness of Morris Schattman of Bath to them, and sent to the clothiers' association, were offered in evidence. These reports, after being sent to such association, were returned by it to the firm or individual who made them. They were general reports which each member of the association made to it upon request, showing the indebtedness of any customer to the party making them, and they were distributed by the association to each member thus insuring knowledge thereof by all members. These reports were offered in evidence for the purpose of showing that the amount of the indebtedness of Morris Schattman of Bath to Schattman Brothers of New York was falsely stated, and it was claimed that such false statement was evidence of fraud on the part of Schattman Brothers.

In regard to the April report, it appears in the case that its contents were stated by the witness, so that the plaintiff had all the benefit to be derived from its alleged falsity. As to the other reports, it does not appear that any further or other falsity appeared therein than was already to be found in the April one. The materiality of the evidence as against anyone is not apparent, but a conclusive answer to its admissibility as against Auguste Schattman is that the reports were *res inter alios acta.* They were the acts of the bookkeeper of Schattman Brothers of New York, and if it be assumed that he was their agent or representative, yet the Schattman Brothers were not parties to this action, and neither their acts or declarations were evidence against Auguste Schattman. If it be said that the complaint alleged a general conspiracy to defraud, and that Auguste Schattman was a party to it, and that the acts or declarations of a co-conspirator performed or made during the progress of the conspiracy and in aid thereof are evidence against all, the answer is that *prima facie* evidence ought first to be given of the existence of a conspiracy before such acts or declarations are evidence against any but the party making them; and that there is

no evidence whatever of the existence of any such conspiracy, so far at any rate as Auguste Schattman is concerned I do not think that the evidence was material in the first place, and so, it was not admissible as against Auguste Schattman, and it was offered generally and against all.

The same reasoning holds good regarding the exception to the rejection of evidence as to the assignment of seventy-five dollars of the book accounts to one Levy, to whom the defendant assignor alleged he owed a small debt.

There is no merit in the criticism regarding the statement of the confession of judgment. It is therein alleged that $600 of the original debt from Morris to Auguste Schattman had been paid. It is now said that only $350 had been paid in cash, and the remaining $250 had been paid by Morris Schattman assuming at her request a debt Mrs. Schattman owed to a third party to that amount. That was, under the circumstances, a payment of so much of the indebtedness to Mrs. Schattman, and the statement was therefore true.

The plaintiff having succeeded in setting aside the judgment in favor of Julius Schattman and others, the executions in favor of the defendant Auguste Schattman, and in favor of Mrs. Biow, became the first liens upon the moneys in the sheriff's hands for their satisfaction.

As to the disposition made of the costs of the litigation by the modification made by the general term, we are not prepared to say it was erroneous even if reviewable in this court, which we do not decide.

The judgment must be affirmed, without costs in this court to either party.

The facts in the Biow case are substantially similar to those in the case under discussion, and the judgment in that case will follow that which is decreed in this.

All concur.